[Crim. No. 1838. First Appellate District, Division One.—June 6, 1935.]

THE PEOPLE, Respondent, v. HARRY B. KNOWLES, Appellant.

Leo A. Sullivan and A. K. Whitton for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant was charged with and convicted of murder in the second degree. From the final judgment of conviction and an order denying a motion for a new trial this appeal is prosecuted. The crime for which defendant was prosecuted arose out of an abortion committed upon one Mrs. Bodholdt.

Defendant conducted what is known as the Physician's Diagnostic Laboratory in Oakland. He was not a licensed physician and no certificate of approval had ever been issued to this institution while the same was operated by him. Before meeting defendant, Mrs. Bodholdt became pregnant and desired to be relieved of that condition. She had her husband procure certain suppositories and pills from a drug store. These proved ineffectual to bring about the desired result, and Mrs. Bodholdt insisted that her husband take her to their family physician to be relieved of her pregnant condition. The doctor refused to have anything to do with this character of a case. The husband then visited the office of defendant, who agreed to perform an abortion upon Mrs.

Bodholdt. Defendant assured the husband that he had handled a great many cases of this character; that his technique was one in which there was no danger, as he did not use any sharp or cutting instruments. He further stated that his fee for performing an abortion was $75 but that he would take care of this particular case for $50. Defendant admitted that he had been paid this latter sum. Later Mrs. Bodholdt entered the private office of defendant, who had in the meantime gathered up some instruments and a bed pan. Defendant remained alone in his private office with Mrs. Bodholdt for about half an hour and when he emerged therefrom he brought the instruments and bed pan with him. He informed the husband, who was waiting, that he had found dead tissue in his wife's uterus, but that his wife was relieved of her pregnant condition. Later Mrs. Bodholdt again visited defendant's office and about the same procedure was gone through. At the time Mrs. Bodholdt first visited the office of defendant she was in normal health and had performed her household duties. When she left the office of defendant she was pale and in great pain. From then on her condition grew worse and she finally died from an acute peritonitis resulting from gas producing bacteria. An examination of the organs of deceased showed that her uterus was recently pregnant, being greatly enlarged, and the walls inflamed, but the pregnant condition had terminated. Defendant denied ever having committed an abortion upon deceased. This in substance is the evidence upon which appellant was found guilty of the offense charged.

Appellant urges several grounds for reversal, the first of which is that the evidence does not show that death was caused by unlawful means, and that if unlawful means were used that they were chargeable to appellant. The facts as above narrated show that there is no merit in this contention. They established deceased was pregnant when she visited appellant's office and at that time she was in a normal condition; that thereafter she came away pale and in great pain and that shortly after her last visit she passed away. There is also evidence that appellant assured the husband after he had attended the deceased that there was no chance of her having a child. Then, too, there is the additional evidence that appellant agreed to perform the abortion and his ad-

mission that he received $50 for his services. The evidence upon this subject was amply sufficient to support the verdict. (*People* v. *De Vaughn*, 2 Cal. App. (2d) 447 [38 Pac. (2d) 192].) Appellant next contends that the evidence does not show that the operation was not necessary to preserve life. As above stated the deceased was in normal health except for a pregnant condition. Assuming that the burden was on the prosecution to show that the operation was not necessary to preserve life, the proof upon this point was amply sufficient to show that the operation was resorted to for no such benign purpose. (*People* v. *Brewer*, 19 Cal. App. 742 [127 Pac. 808].) And finally it is contended that the court should have instructed the jury in regard to manslaughter, for the reason that there was evidence to show that appellant violated the Medical Practice Act in his examination and treatment of the deceased, and the jury could have found that death was caused by unlawful treatment and not abortion. The record does not contain the instructions to the jury nor does it appear therefrom that any particular instruction was asked for. For aught we know the court may have instructed the jury on the subject of manslaughter.

The appeal is devoid of merit. The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.